IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOHN E. SCHWEITER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 05-286-N-LMB |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY | ) | AND ORDER |
| ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the Court is John E. Schweiter's Petition for Review seeking review of the final decision of Respondent denying his claim for disability insurance benefits under Title II of the Social Security Act.  The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

## ADMINISTRATIVE PROCEEDINGS

John E. Schweiter ("Petitioner" or "Claimant") applied for disability insurance benefits under Title II of the Social Security Act on June 24, 2002.  (AR 87-89). Petitioner alleged disability beginning April 30, 2002 as a result of blindness and arthritis.

MEMORANDUM DECISION AND ORDER - 1

(AR 14, 162).  Petitioner's application was denied initially and again after

reconsideration.  (AR 13).  Petitioner filed a timely request for a hearing before an

Administrative Law Judge.  ALJ Richard Hines held a hearing on January 29, 2004 at

which time Petitioner, represented by counsel, appeared and testified.  James Burnell,

M.D., a medical expert, also testified.  (AR 789-815).  The hearing was continued until

September 2, 2004, at which time William Baer, M.D., a medical expert, and Debra

Uhlenkott, a vocational expert, appeared and testified.  (AR 816-839).

On March 7, 2005, the ALJ issued a decision denying Petitioner's application

because he found that Petitioner has the residual functional capacity for light exertional

work and is able to perform his past relevant work.  (AR 25).

Petitioner requested the Appeals Council review the ALJ's decision.  The Appeals

Council denied Petitioner's request on June 21, 2005, making the ALJ's decision the final

decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner timely filed this instant

action. Petitioner requests that the ALJ's decision be reversed with a finding of disability

as of Petitioner's alleged onset date of April 30, 2002.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was fifty-eight years of age

with a GED and a business degree.  His past work experience includes employment as a

sales representative for security systems, property manager, auto sales, immigration

MEMORANDUM DECISION AND ORDER - 2

service, mail handler, finance manager, small business manager, finance coordinator, and Enterprise driver.  (AR 13-14).

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 401.1520, 416.920 (2005).  The second part of that process involves a determination regarding whether the claimant has a "severe impairment."  20 C.F.R. § 416.905(a).  If no "severe" impairment is found, the claimant will be found not to be disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).  Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389,

MEMORANDUM DECISION AND ORDER - 3

401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence . . . ."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

    With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019.  The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

    With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *See Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an

MEMORANDUM DECISION AND ORDER - 4

administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## IV.

## DISCUSSION

### A.    <u>Sequential Process</u>

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the answer is in the affirmative, disability benefits are denied.  20 C.F.R. § 404.1520(b).  In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity since the alleged onset of disability.  (AR 14, 25).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  If the answer is in the negative, disability benefits are denied.  20 C.F.R. § 404.1520(c).  In the instant action, the ALJ found that Petitioner has the

MEMORANDUM DECISION AND ORDER - 5

following medically-determinable, severe impairments: a vision impairment and arthritis. (AR 22).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the answer is in the affirmative, the claimant is disabled and benefits are awarded.  20 C.F.R. § 404.1520(d). In the instant action, the ALJ concluded that Petitioner's severe impairments do not meet or equal any listing of impairments under Appendix 1, Subpart P, Regulation No. 4. (AR 23, 25).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, the ALJ concluded that Petitioner retains the residual functional capacity for a full range of light work.  (AR 24, 25).  The ALJ also concluded that Petitioner is able to perform his past relevant work as a property manager, auto sales, immigration service, small business manager, Enterprise driver, finance manager, and finance coordinator.  (AR 25).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d

MEMORANDUM DECISION AND ORDER - 6

678, 681 (9th Cir. 1993).  Because the ALJ concluded that Petitioner is able to perform

his past relevant work, the ALJ did not address the fifth step in the evaluation process, nor

did he need to.

**B.     <u>The ALJ's Evaluation of the Medical Evidence</u>**

Petitioner argues that the ALJ committed reversible error by providing "no legal

analysis whatsoever when he decided to ignore medical expert opinion." *Petitioner's*

*Brief in Support of Petition for Review*, pp. 4, 7 (Docket No. 6).  The expert opinions

Petitioner refers to are those of Dr. Curtis Adams, a treating psychiatrist, and Dr. Michael

Emery, an examining physician.  Dr. Adams diagnosed Petitioner with Major Depression

and assigned a global assessment of functioning ("GAF") of 40.  Dr. Emery assessed a

GAF of 60, but listed that Petitioner had a marked limitation in the "ability to perform

activities within a schedule, maintain regular attendance, and be punctual within

customary tolerances."  (AR 571–72).

Petitioner also complains that the ALJ "did not refer to any medical evidence

and/or any medical analysis as to why Drs. Emery and Adams' findings were not

appropriate."  Review of the ALJ's decision reveals that he did not ignore the opinions

expressed by Dr. Adams and Dr. Emery.  Under the heading "EVALUATION OF THE

EVIDENCE," the ALJ discussed extensively Petitioner's mental condition, including the

reports and diagnoses of Drs. Adams and Emery.  (AR 4, 18-22).  Moreover, when

considering whether Petitioner's mental condition is considered "severe," the ALJ noted

MEMORANDUM DECISION AND ORDER - 7

that Petitioner had been treated for depression, but found that "the impairment is mild and [Petitioner] has had minimal treatment."  (AR 22).

The ALJ based his assessment, in part, on Dr. Emery's report of "a global assessment of functioning of 60, indicating only mild limitations in social or occupational functioning."  *Id.*  The ALJ also considered that Dr. Burnell, a medical expert who testified at the hearing, determined that Petitioner's depression was only situational and did not exceed 12 months duration.  *Id.*  Finally, the ALJ relied on a treatment record from Rogers Counseling–the Center where Petitioner obtained counseling–indicating that Petitioner had only mild to moderate limits.  *Id.*  Thus, because the ALJ did not ignore the medical evidence, the issue remaining is whether he appropriately relied on record evidence to determine that Petitioner's mental condition was not a severe impairment qualifying Petitioner for disability benefits.

### 1.   Standards of Law

The opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).  "However, the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability."  *Id.*

When a nontreating physician's opinion contradicts that of a treating or examining physician—but is not based on independent clinical findings, or rests on clinical findings

MEMORANDUM DECISION AND ORDER - 8

also considered by the treating physician—the opinion of the treating physician may be rejected only if the ALJ gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066–67 (9th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Under this standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Morgan*, 169 F.3d at 600–01 (citation and internal quotation marks omitted). "Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Id.* at 601 (citations and internal quotation marks omitted).

### 2. Treating Psychiatrist's Opinion

Dr. Adams, a psychiatrist with the Veterans Administration, first assessed Petitioner's mental condition on November 4, 2002. (AR 505). Dr. Adams reported that Petitioner "felt that he was depressed for a number of months" and it was increasing since October and November. *Id.* Dr. Adams entered a diagnosis of "Major Depression" and

MEMORANDUM DECISION AND ORDER - 9

listed a current GAF of 40[1] and a "Last Year" GAF of 50[2].  (AR 506).  Nothing in the

record indicates who assessed the "Last Year" GAF of 50 or when Petitioner had last

been treated for a mental condition.

At his second appointment with Dr. Adams, on December 10, 2002, Petitioner

reported that he was "feeling better, not crying," and "sleeping better," a circumstance

noted by the ALJ when discussing Petitioner's mental condition.  (AR 18, 503).  Dr.

Adams observed that Petitioner was "not so depressed looking" and recommended that

Petitioner come back in two months.  (AR 503).

Petitioner waited the full two months and did not see Dr. Adams again until

February 19, 2003, at which time Dr. Adams noted that Petitioner was seeing a counselor

and continued to list Petitioner's diagnosis as "Major Depression" and a current GAF of

40.  (AR 494).  Petitioner did not have another appointment with Dr. Adams until August

12, 2003, when Dr. Adams changed Petitioner's diagnosis to "Major Depression,

**resolving**" and noted Petitioner's report that "[h]e thinks he has improved a lot."  (AR

---

[1]  A global assessment of functioning ("GAF") of forty "indicates some impairment in reality testing or communication, or major impairment in several areas such as work or school, family relations, judgment, thinking, or mood." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (citing Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders* 34 (4th TR. ed. 2000)).

[2]  "A GAF between 41 and 50 indicates serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Morgan*, 169 F.3d at 598.

MEMORANDUM DECISION AND ORDER - 10

580) (emphasis added).  Petitioner's record from this appointment still listed a GAF of 40. (AR 580).

When concluding that the medical evidence related to Petitioner's depression revealed only a minor impairment, the ALJ considered that the records indicate Petitioner had obtained "minimal treatment" for his depression.  (AR 22).  Although Petitioner participated in counseling at the Rogers Center, there is only one report from that center in the record, an initial intake and clinical evaluation performed by Frank Shull on December 17, 2002.  (AR 721-28).  Similarly, the record contains reports of only four visits to Dr. Adams from December 2002 to August 2003.  (AR 494–506, 581).

Although Dr. Adams listed a "Last Year" GAF of 50, there is no indication who assessed the GAF or what treatment Petitioner sought for depression before his first visit with Dr. Adams in November 2002.[3]  Dr. Adams' records contain a "Major Depression" diagnosis for Petitioner for only a four-month period of time—from November 2002 to February 2003.  By August of 2003, Dr. Adams found Petitioner's depression to be resolving and Petitioner reported that "he has improved a lot."  (AR 580).  These limited treatment records provide support for the ALJ's determination that Petitioner's depression was only situational and did not exceed twelve months duration.  A condition must last or

---

[3]  When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss*, 427 F.3d at 1216.  Here, the assessment of a "Last Year" GAF of 50 is conclusory and not supported by clinical findings or any other information in the record.

MEMORANDUM DECISION AND ORDER - 11

be expected to last for a continuous period of twelve months to qualify as a disability.  42

U.S.C.A. § 423(d)(1)(A) (defining "disability" as an "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment . . . which has lasted or can be expected to last for a continuous period of not

less than 12 months").

Additional support for the ALJ's durational determination is contained in the

testimony of Dr. James Burnell, a reviewing physician who testified at the last hearing

that Petitioner's depression was not expected to continue for more than twelve months.[4]

(AR 796).  Dr. Burnell's assessment is supported by the psychiatric review completed by

Dr. Maximo J. Callao, an examining physician.  "Opinions of a nonexamining, testifying

medical advisor may serve as substantial evidence when they are supported by other

evidence in the record and are consistent with it."  *Morgan*, 169 F.3d at 600.

Dr. Callao assessed Petitioner's mental condition from April 30, 2002 through

December 5, 2002, and determined that Petitioner's affective disorder was severe, but not

expected to last twelve months.  (AR 471, 483).  Additionally, Dr. Callao noted that prior

to the time period assessed, Petitioner "did not allege a mental condition, was not in

counseling, and was not taking an anti-depressant medication."  (AR 483).  Moreover, in

physician notes from appointments with a neurosurgeon on December 5 and 19 of 2002,

---

[4]  Dr. Burnell is an internist who reviewed Petitioner's medical records to assess whether one of Petitioner's conditions, or any combination of them, could impact his ability to work. (AR 795–97).

MEMORANDUM DECISION AND ORDER - 12

Petitioner's past medical history is listed to include "Depression (**resolved** and off

medicines for the last year or so)."  (AR 499, 501) (emphasis added).

All of these records provide substantial evidence sufficient to support the ALJ's

determination that Petitioner's depression was not considered severe despite Dr. Adams

assessment of a GAF of 40 and diagnosis of "Major Depression."[5]

### 3.        Examining Physician's Opinion

Dr. Emery, an examining physician with the Idaho Disability Determination

Office, assessed Petitioner with a GAF of 60, but listed a moderate limitation in

Petitioner's ability to maintain concentration and attention for extended periods, accept

instructions, and respond appropriately to superiors.[6]  (AR 751–53).  Dr. Emery also

listed a marked limitation in Petitioner's "ability to perform activities within a schedule,

maintain regular attendance, and be punctual within customary tolerances."  (AR

---

[5]  Petitioner requests that a "clear and convincing" standard be applied in this action. However, the ALJ must state clear and convincing reasons only when rejecting an *uncontradicted* opinion of a treating doctor.  *Bayliss*, 427 F.3d at 1216.  Here, Dr. Adams did not explicitly opine that Petitioner's depression had lasted for more than twelve months or was expected to last more than twelve months.  Indeed, Dr. Adams had only four visits with Petitioner over a nine month period of time.  Additionally, even if Dr. Adams' mere listing of a "Last Year" GAF of 50, without more information on who assessed the GAF and when exactly the assessment was made, is sufficient to equate to an "opinion" on the duration of Petitioner's depression, it is contradicted by the reports from Dr. Callao and the Rogers Center, as explained above.  Accordingly, the substantial evidence standard is the appropriate standard to apply in this action.

[6]  "According to the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), a GAF of 51 to 60 indicates moderate symptoms."  *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (citing Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994)).

MEMORANDUM DECISION AND ORDER - 13

571–72).  The ALJ noted this opinion, but instead relied on the only record from Petitioner's treating counselor, Frank Shull, who found only a mild limitation in concentration.  (AR 22, 726).  The ALJ also indicated that Dr. Emery's assessed limitations appear to conflict with his summary explaining that Petitioner described himself as a social person who enjoyed dating and had a circle of friends.  (AR 22, 748).  It is also noteworthy that, although Dr. Emery checked boxes indicating the moderate and marked limitations described above, he did not provide any explanation for why he assessed these limitations.

The ALJ's determination that, despite Dr. Emery's assessed limitations, Petitioner's condition is only mild, is supported by the findings from a mental health assessment performed by Dr. David Giffen of the Veterans Administration in Spokane on September 18, 2003.  Dr. Giffen noted that Petitioner's concentration is good, memory intact, speech fluent, and Petitioner is able to participate in appropriate social dialogue.  (AR 662).  Dr. Giffen also noted that Petitioner appeared to have an adequate ability to make reasonable and realistic life decisions.  (AR 662).

In short, Dr. Emery's report of a GAF of 60, which indicates only mild limitations in social or occupational functioning, as well as the report of Petitioner's treating counselor, Frank Shull, provide substantial evidence for the ALJ's rejection of Dr. Emery's assessed limitations.

MEMORANDUM DECISION AND ORDER - 14

### C.   Petitioner's Residual Functional Capacity ("RFC")

Petitioner also challenges the ALJ's rejection of the vocational expert's testimony she could not identify any jobs that a person with the marked and moderate limitations assessed by Dr. Emery could perform.  (AR 830).  However, because the ALJ properly rejected the limitations assessed by Dr. Emery, he also properly excluded these limitations from Petitioner's RFC.

## V.

## CONCLUSION

Although there is some evidence tending to support Petitioner's position, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which he relied and did not give enough weight to other evidence favorable to Petitioner.  However, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility.  *Allen*, 749 F.2d at 579;  *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  The evidence upon which the ALJ relied can reasonably and rationally be relied upon to support his conclusion, despite the fact that such evidence may be susceptible to a different interpretation.  The ALJ set out a detailed and thorough summary of the facts

and conflicting clinical evidence, stating his interpretation thereof, and making findings. *See Morgan*, 169 F.3d at 600–01.

For these reasons and the reasons explained above, the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

**VI**.

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED:  **August 23, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM DECISION AND ORDER  - 16